IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-423-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EBENEZER YEBOAH ASANE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the government's motions for material witness warrant and to take deposition of co-defendant Samuel Simon Sraha ("Sraha") (DE 80, 83). Defendant filed expedited response in opposition to the motions. In this posture, the issues raised are ripe for ruling.

**BACKGROUND**

Defendant is one of four defendants named in indictment entered October 17, 2019, charging defendant with conspiracy to commit marriage fraud, in violation of 8 U.S.C. § 1325(c), and bringing in and harboring aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv). Co-defendant Sraha pleaded guilty to the conspiracy count, and was sentenced on January 22, 2020, to time-served. The court entered a stipulated judicial order of removal for Sraha at sentencing.

In the meantime, on January 21, 2020, the government filed the instant motions, relying upon an affidavit of Bryan T. Moultis ("Moultis"). On January 22, 2020, the court directed defendant to file an expedited response by today to the instant motions. Defendant responded in opposition accordingly.

Arraignment of defendant presently is set for the term of criminal court commencing on April 14, 2020.

## COURT'S DISCUSSION

A.     Motion to Take Deposition (DE 83)

Rule 15 of the Federal Rules of Criminal Procedure provides that a party "may move that a prospective witness be deposed in order to preserve testimony for trial." Fed. R. Crim. P. 15(a)(1). "The court may grant the motion because of exceptional circumstances and in the interest of justice." Id. "The court may grant the motion if it appears that (a) the prospective witness will be unable to attend or be prevented from attending the trial, (b) the prospective witness' testimony is material, and (c) the prospective witness' testimony is necessary to prevent a failure of justice." Fed. R. Crim. P. 15, Advisory Committee Notes. In the context of a witness subject to deportation, the government has a "duty to consider the rights of the witnesses, as well as the rights of the [defendant], and to also comply with his duty of deporting the illegal aliens without undue delay." United States v. Rivera, 859 F.2d 1204, 1207 (4th Cir. 1988).

Here, the government has demonstrated the requested deposition is necessary because of exceptional circumstances and in the interest of justice. First, the prospective witness, Sraha, a co-defendant in this case, will be unavailable at trial because he has already been sentenced in this case, and he is subject of a stipulated judicial order of removal. (DE 88). Additional circumstances discussed at Sraha's sentencing demonstrate that Sraha's return to Ghana will be expedited. Under the circumstances presented, the court rejects defendant's arguments that alternative means of securing testimony at defendant's trial could have been employed.

Second, the government has demonstrated that Sraha will provide material testimony. The materiality of Sraha's testimony is forecasted based on the record of the sentencing of Sraha, detailing Sraha's and defendant's alleged role in the marriage fraud conspiracy. Because of this detailed information proffered by the government at sentencing of Sraha, the court rejects defendant's argument that the government has not met its burden of forecasting material testimony.

Finally, the deposition is necessary to prevent a failure of justice, due to the nature of the charged conspiracy, the importance of the testimony, and the circumstances of Sraha's imminent removal under this court's order of removal. See Rivera, 859 F.2d at 1207.

Therefore, the government's motion to take deposition of Sraha is granted. Sraha shall be deposed in accordance with the requirements of Rule 15.

B.  Motion for Warrant to Arrest (DE 80)

Pursuant to 18 U.S.C. § 3144, in pertinent part: "If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title." 18 U.S.C.A. § 3144. Further, "[r]elease of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure." Id.; see Rivera, 859 F.2d at 1207.

Here, the same findings supporting allowance of a deposition of Sraha also support allowing warrant for arrest of Sraha for such deposition. As set forth above, his testimony is material, and due to the court's order of removal, it may become impractical to secure his presence by subpoena. Additional grounds for the warrant in this instance are set forth in the affidavit of

3

Bryan T. Moultis, attached to the government's motion. Contrary to defendant's argument, given the competing circumstances of defendant's removal, overseen by other entities and agencies, and the need to secure his testimony in an expedited manner, alternative means to secure defendant's presence are not practical.

Therefore, the government's motion for warrant to arrest material witness is granted. The court will issue the warrant by separate order.

## CONCLUSION

Based on the foregoing, the government's motions for material witness warrant and to take deposition of co-defendant Sraha (DE 80, 83) are GRANTED. The deposition shall proceed as set forth herein, in accordance with Federal Rule of Criminal Procedure 15. A warrant will issue separately.

SO ORDERED, this the 24th day of January, 2020.

LOUISE W. FLANAGAN
United States District Judge