IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-423-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EBENEZER YEBOAH ASANE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the government's motion to stay and revoke the court's prior order granting defendant's request for a second detention hearing. (DE 163). Defendant responded in opposition to the motion.[1] In this posture, the issues raised are ripe for ruling. For the reasons that follow, the government's motion is denied.

## BACKGROUND

The government commenced prosecution of this action against defendant, along with several other co-defendants, by indictment filed October 17, 2019. Defendant was arrested on October 23, 2019, in Alabama. Initial appearance was held in the United States District Court for the Northern District of Alabama on October 24, 2019. On October 28, 2019, defendant appeared before the court again for detention hearing. Defendant was ordered detained pending trial on October 30, 2019, and the case was contemporaneously removed to this court for defendant to

---

[1] Defendant moves that the court seal his response in opposition without offering any basis for doing so. (DE 165). Accordingly, defendant's motion is DENIED WITHOUT PREJUDICE. The clerk is DIRECTED to provisionally maintain defendant's response under seal for seven days. If defendant wishes to maintain his response under seal, he shall file a motion explaining why sealing is appropriate, including the interests at stake that outweigh the appropriate presumption in favor of public access to court records, and whether less drastic alternatives to sealing, such as redaction, are available. If no filing is made, the clerk is FURTHER DIRECTED to unseal defendant's response.

answer charges pending in this district. In support of its order, the Northern District of Alabama relied upon defendant's lack of ties to Alabama and his significant family and other ties outside the United States to conclude that defendant posed a risk of non-appearance. Defendant's initial appearance on the indictment in this district was held on December 11, 2019. At that hearing, the magistrate judge advised that defendant was ordered detained pursuant to order by the district court for the Northern District of Alabama, and that if defendant wanted to revisit the detention issue, he would need to file a written motion.

By way of superseding indictment filed April 21, 2020, defendant was charged with two counts of conspiracy to commit marriage fraud, in violation of 8 U.S.C. § 1325(c); one count of marriage fraud, also in violation of 8 U.S.C. § 1325(c); two counts of bringing in and harboring aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv); one count of transporting and harboring aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii); two counts of fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. § 1546(a); and two counts of knowingly making false statements in an immigration proceeding, in violation of 18 U.S.C. § 1015(a). At initial appearance on the superseding indictment, defendant again moved to reopen his detention hearing. The court granted the motion and scheduled detention hearing for June 1, 2020.

At detention hearing, the government made oral motion for reconsideration of the magistrate judge's order setting second detention hearing. The government's motion for reconsideration was denied from the bench. After hearing sworn testimony from both parties at defendant's second detention hearing, the magistrate judge ordered defendant be released on conditions, including home incarceration and supervision by a third-party custodian. The government informed the magistrate judge that it would seek review of defendant's release from

2

custody. Thereafter, the magistrate judge issued written order staying defendant's release from custody disposition of the government's forthcoming motion. The instant motion followed.

**COURT'S DISCUSSION**

A.  Standard of Review

"If a person is ordered released by a magistrate judge . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a)(1). In acting on such a motion, the court reviews the magistrate judge's order de novo. See United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989); United States v. Williams, 753 F.2d 329, 333 (4th Cir. 1985). In doing so, the court makes an independent determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge. See Williams, 753 F.2d at 333–34.

B.  Analysis

Pre-trial detention must be ordered when, after hearing, a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(e)(1). The court must take into account the available information concerning –

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings;

3

    and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release . . . .
  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). The government must prove that there are no conditions of release that will reasonably assure defendant's attendance at trial by a "preponderance of the evidence." <u>United States v. Stewart</u>, 19 F. App'x 46, 47 (4th Cir. 2001) (citing <u>United States v. Hazime</u>, 762 F.2d 34, 37 (6th Cir. 1985)).

  The court has reviewed the record, including the magistrate judge's order, the written filings, the pretrial release report of the United States Probation Office, and the audio recording of detention hearing. In the instant case, the nature and circumstances of the offenses weigh in favor of release, where the superseding indictment charges defendant with a series of immigration offenses rather than a crime of violence or other more serious offenses enumerated above. The case against defendant is strong, which weighs against release. Defendant's history and characteristics weigh in favor of release where he has significant ties to Fayetteville, North Carolina, he is a United States citizen, and he has secured a reputable third-party custodian. Lastly, there are no factors indicating that defendant poses a risk of danger to the community, weighing in favor of release.[2] Viewing these competing considerations together, the court is satisfied that the conditions imposed by the magistrate judge, together with an additional requirement that defendant turn surrender his passport to the United States Probation Office prior to being released, will reasonably assure defendant's attendance at trial.

---

[2]  The court does not credit the government's unsubstantiated assertions that, if released, defendant will tamper with witnesses and otherwise obstruct the prosecution.

## CONCLUSION

Based on the foregoing, the government's motion to stay and revoke the court's prior order granting defendant's request for a second detention hearing (DE 163) is DENIED. Defendant's motion to seal (DE 165) is DENIED WITHOUT PREJUDICE. The court adopts as its own the magistrate judge's order setting conditions of release (DE 160), with the following additional condition: defendant will surrender his passport to the United States Probation Office prior to being released from custody.

SO ORDERED, this the 9th day of June, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge